John M. Naylor
Nevada Bar No. 5435
Kelly M. Scarborough
Nevada Bar No. 16979
NAYLOR & BRASTER
10100 W. Charleston Blvd., Suite 120
Las Vegas, NV  89135
(T) (702) 420-7000
(F) (702) 420-7001
jnaylor@nblawnv.com
kscarborough@nblawnv.com

*Attorneys for Defendant*
*National Collegiate Athletic Association*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| COHEN FULLER,<br><br>    Plaintiff,<br><br>v.<br><br>NATIONAL COLLEGIATE ATHLETIC ASSOCIATION,<br><br>    Defendant. | Case No. 2:26-cv-01974-APG-BW<br><br>**DEFENDANT NATIONAL COLLEGIATE ATHLETIC ASSOCIATION'S RESPONSE TO COURT'S ORDER, ECF No. 8, DISPUTING THE EXISTENCE OF AN EMERGENCY** |

Plaintiff Cohen Fuller commenced this action on Monday, June 29, by filing a Complaint, ECF No. 3, and Emergency Motion for Temporary Restraining Order (TRO) and Preliminary Injunction, ECF No. 5. Plaintiff invokes Local Rule 7-4 and requests expedited briefing on his motion. But there is no emergency. Any impending harm to Plaintiff is solely the result of his own lack of diligence in seeking the relief he now requests. Accordingly, the Court should reject Plaintiff's request for emergency consideration of his motion and instead allow the National Collegiate Athletic Association ("NCAA") until July 31[1] to substantively respond.

---

[1] Plaintiff delivered his complaint and motion to the NCAA by certified mail on Friday, July

When arguing the Court should treat Plaintiff's motion as an emergency, Plaintiff omits that he already sued the NCAA *pro se* six months ago, and this Court dismissed that lawsuit because he did not pay the filing fee after the Court denied his *in forma pauperis* application. *See* D. Nev. Case No. 2:26-cv-110-NJK. Plaintiff now wishes to pursue a lawsuit with counsel, and counsel admits that he first contacted the NCAA's local counsel about a potential lawsuit on May 14, 2026.[2] ECF No. 5 at 92 ¶ 8. Six and a half weeks passed before Plaintiff filed this lawsuit. Expedited treatment of Plaintiff's motion is appropriately denied in these circumstances. *See Ortega v. NCAA*, No. 4:25-CV-00496-RGE-SBJ, 2026 WL 1196255, at *2 (S.D. Iowa Mar. 13, 2026) (denying expedited consideration of athlete's preliminary injunction motion because of athlete's delays). After all, "[a] plaintiff seeking expedited preliminary relief 'places an exceptional demand on a responding party's time and resources.'" *Id.* (quoting *Ankeny Hotel Assocs., LLC v. OSK X, LLC*, 663 F. Supp. 3d 947, 966 (S.D. Iowa 2023)).  It would be inequitable to permit Plaintiff—who has had months to prepare his motion—to force the NCAA to respond in mere days.[3]

Plaintiff also omits important context about the previous athlete eligibility cases in this District. Plaintiff relies heavily on *Braham v. NCAA*, 794 F. Supp. 3d 824 (D. Nev. 2025), and *Martinson v. NCAA*, 804 F. Supp. 3d 1109 (D. Nev. 2025), but does not mention that the Ninth Circuit heard oral argument on the NCAA's appeals from those decisions on March 13, 2026, and its decisions are pending. More critically, the Ninth Circuit already vacated the most recent athlete

10. Although service of the summons and complaint by mail does not satisfy the requirements of Rule 4(c) of the Federal Rules of Civil Procedure, the NCAA waives its right to contest the manner of service and requests only that it be provided 21 days to reply after service of the motion under Local Rule 7-2(b).

[2] The undersigned disputes Fuller's characterization of this phone call as a meet and confer on the pending motion, given this lawsuit had not been filed at the time.

[3] Plaintiff may argue that the NCAA has been aware of his motion due to his request to the NCAA, through counsel, for waiver of service. But it is Plaintiff's duty to effectuate service. Fed. R. Civ. P. 4(c)(1). And the NCAA has no duty to respond to a request to waive service. *See Procopio v. Conrad Prebys Trust,* No. 14-cv-1651 AJB (KSC), 2015 WL 4662407 (S.D. Cal. Aug. 6, 2015). Plaintiff's delay in serving the summons and complaint (which still have not been served in accordance with Rule 4) is his own doing.

NAYLOR & BRASTER
ATTORNEYS AT LAW
10100 W. Charleston Blvd.
Suite 120
Las Vegas, NV 89135
(702) 420-7000

eligibility injunction issued in this District, in *Blythe v. NCAA*, No. 3:26-CV-100-ART-CSD, 2026 WL 483345 (D. Nev. Feb. 20, 2026). Order, *Blythe v. NCAA*, No. 26-1106 (9th Cir. Apr. 8, 2026), ECF No. 26 (vacating preliminary injunction effective immediately, with opinion forthcoming). The same Ninth Circuit panel is considering all three cases.

This is one of a multitude of cases brought by over one hundred current and former individual athletes trying to extend their college careers by challenging the rules the NCAA's members have established to determine who is eligible to compete in college athletics. The vast majority of federal district courts have denied preliminary injunctive relief.[4]

The four federal appeals courts that have reviewed the merits of preliminary injunctions have all reversed, including the Ninth Circuit in *Blythe*.[5]

// // //

---

[4] *See Wade v. NCAA*, No. 2:24-cv-196, 2024 WL 5212665 (S.D. Miss. Dec. 23, 2024); *Ciulla-Hall v. NCAA*, No. 25-cv-10271, 2025 WL 438707 (D. Mass. Feb. 7, 2025); *Arbolida v. NCAA*, No. 25-2079, 2025 WL 579830 (D. Kan. Feb. 21, 2025); *Goldstein v. NCAA*, No. 3:25-cv-27, 2025 WL 662809 (M.D. Ga., Feb. 28, 2025); *Osuna Sanchez v. NCAA*, No. 3:25-cv-62, 2025 WL 684271 (E.D. Tenn. Mar. 3, 2025), *Brzovic v. NCAA*, No. 2:25-cv-02885, 2025 WL 1370758 (D.S.C. May 11, 2025); *Coley v. NCAA*, 792 F. Supp. 3d 634 (E.D.N.C. 2025); *Hamilton v. NCAA*, No. 2:25-cv-924, 2025 WL 1615752 (E.D. La. June 6, 2025); *Zeigler v. NCAA*, No. 3:25-cv-226, 2025 WL 1671952 (E.D. Tenn. June 12, 2025); *Johnson v. NCAA*, No. 9:25-cv-00060, 2025 WL 1790345 (D. Mont. June 26, 2025); *Walker v. NCAA*, No. 3:25-CV-00514, 2025 WL 1901907 (M.D. La. July 1, 2025); *Hill v. NCAA*, No. 4:25-cv- 00591, 2025 WL 3252322 (E.D. Ark. July 24, 2025); *Hasz v. NCAA*, No. 8:25CV398, 2025 WL 2083853 (D. Neb. July 24, 2025); *Larry v. NCAA*, No. 25-cv-01761, 2025 WL 2725188 (D. Colo. Aug. 6, 2025); *Bellamy v. NCAA*, No. 3:24-cv-00750, 2025 WL 2267761 (M.D. Tenn. Aug. 7, 2025); *Giles v. NCAA*, No. 8:25-cv-01488, 2025 WL 2551093 (C.D. Cal. Aug. 18, 2025); *Robinson v. NCAA*, No.2:25-cv-06454, 2025 WL 2551093 (C.D. Cal. Aug. 18, 2025); *Wingfield v. NCAA*, No. 2:25-cv-06875, 2025 WL 2551093 (C.D. Cal. Aug. 18, 2025); *Boyd v. NCAA*, 3:25-cv-00729, 2025 WL 2432200 (M.D. Tenn. Aug. 22, 2025); *Hamilton v. NCAA*, No. 2:25-cv-924, 2025 WL 2481363 (E.D. La. Aug. 28, 2025); *Johnson v. NCAA*, No. 2:25-cv-01288, 2025 WL 3145866 (S.D. Ohio Nov. 11, 2025); *Patterson v. NCAA*, No. 3:25cv-00994, 2026 WL 115417 (M.D. Tenn. Jan. 15, 2026); *Ortega v. NCAA*, No. 4:25-cv-00496, 2026 WL 1847877 (S.D. Iowa Apr. 23, 2026); *Humphreys v. NCAA*, No. 2:26-cv-00268, 2026 WL 129510 (C.D. Cal. Jan. 13, 2026); *Stedman v. NCAA*, No. 25-cv-25095, 2026 WL 637660 (S.D. Fla. Jan. 22, 2026).

[5] *See* Order, *Blythe v. NCAA*, No. 26-1106 (9th Cir. Apr. 8, 2026), ECF No. 26 (vacating preliminary injunction effective immediately, with opinion forthcoming); *Fourqurean v. NCAA*, 143 F.4th 859 (7th Cir. 2025) (reversing preliminary injunction for failure to define the relevant market); *Elad v. NCAA*, 160 F.4th 407 (3d Cir. 2025) (vacating preliminary injunction because the evidence in the record was insufficient to sustain a likelihood of success on the merits); *Robinson (Jimmori) v. NCAA*, 173 F.4th 271 (4th Cir. 2026) (vacating preliminary injunction because the district court "drastically reduced the [student-athletes'] burden of proving anticompetitive effects" and failed to define the relevant market).

NAYLOR & BRASTER
ATTORNEYS AT LAW
10100 W. Charleston Blvd.
Suite 120
Las Vegas, NV 89135
(702) 420-7000

While most district courts have reached the correct answer in these cases, the differing outcomes in this "seemingly endless wave of litigation" are already proving to have "substantial and unforeseeable impacts on the world of college sports." *Pavia v. NCAA*, 154 F.4th 407, 418 (6th Cir. 2025) (Thapar, J., concurring). One of these consequences is that courts are becoming "the *de facto* appeals body for eligibility determinations for over half a million student-athletes in all divisions of NCAA sports." *Id.* (citation modified). These "appeals" to district courts of NCAA eligibility determinations are being resolved on preliminary injunction motions rather than on full evidentiary records, and they are being resolved in the context of emergencies manufactured by student-athletes.

Here, in addition to the infirm basis of Plaintiff's asserted claims (which the NCAA will detail by the deadline the Court sets), Plaintiff has not shown that he will suffer irreparable prejudice absent emergent treatment of his motion and has unreasonably delayed—*at least* six months—in seeking preliminary injunctive relief on his claims. The 2025-2026 University of Nevada, Las Vegas ("UNLV") football season ended on December 23, 2025. *2025 Football Schedule*, UNLV, https://unlvrebels.com/sports/football/schedule/2025 (last visited July 2, 2026). A week later, on December 30, 2025, UNLV submitted to the NCAA a "Legislative Relief Waiver" on Plaintiff's behalf. ECF No. 3 at 112–18. The waiver request did not seek in earnest to restore any eligibility for Plaintiff. Instead, UNLV indicated that it filed the request because "[Plaintiff] would like to exhaust all administrative remedies prior to adding his name to Patterson/Pavia pending litigation."[6] *Id.* at 114. The NCAA denied the waiver request on January 13, 2026. *Id.* at 118. Thus, Plaintiff knew conclusively that he was not eligible to compete in the 2026-2027 season no later than January 13, 2026. Indeed, Plaintiff's January 20, 2026, *pro se* complaint sought declaratory and injunctive relief against the NCAA under the Sherman Act that would allow him to "continue competing in collegiate

---

[6] *See Patterson v. NCAA*, No. 3:25-cv-994 (M.D. Tenn.); *Pavia v. NCAA*, No. 3:24-cv-1336 (M.D. Tenn.). The *Patterson* and *Pavia* cases are among a handful of pending actions seeking the same relief Plaintiff now seeks on a class-wide or multi-athlete basis under similar or identical legal theories. As the NCAA will explain in its forthcoming brief in opposition to Plaintiff's motion, these pending actions likely necessitate dismissal or transfer of Plaintiff's Complaint under the first-to-file rule. *See Manu v. NCAA*, No. 2:25-CV-01956-LK, 2025 WL 3140840, at *1 (W.D. Wash. Nov. 10, 2025) (transferring athlete-eligibility case to the United States District Court for the Middle District of Tennessee under the first-to-file rule).

NAYLOR & BRASTER
ATTORNEYS AT LAW
10100 W. Charleston Blvd.
Suite 120
Las Vegas, NV 89135
(702) 420-7000

4

football." Complaint, *Fuller v. NCAA*, No. 2:26-cv-110-NJK (D. Nev. Jan. 20, 2026), ECF No. 1-1 at 1–2.[7]

This Court should deny Plaintiff's request to hear his motion on an emergent basis. Emergency motions are disfavored in the District of Nevada due to the "numerous problems they create for the opposing party and the court in resolving them." *Jefferson v. Barrick*, No. 2:26-cv-01330-CDS-EJY, 2026 WL 1396601, at *1 (D. Nev. May 18, 2026) (quoting *Cardoza v. Bloomin' Brands*, 141 F. Supp. 3d 1137, 1140 (D. Nev. 2015)). Emergency relief "should be rare," L.R. 7-4(b), and is only appropriate where the movant has shown: "(1) the movant will be irreparably prejudiced if the court resolves the motion under the normal briefing schedule; and (2) the movant is without fault in creating the crisis that requires emergency relief or, at the very least, the crisis occurred because of excusable neglect." *Jefferson*, 2026 WL 1396601, at *1. Accordingly, this Court has denied athletes' requests to expedite consideration of their injunction motions. *See* Minute Order, *Ridley v. NCAA*, No. 2:26-cv-00481-GMN-NJK (D. Nev. Feb. 25, 2026), ECF No. 9 (denying football player's request for emergency treatment of motion for Temporary Restraining Order enjoining the NCAA from applying its eligibility rules because it "does not constitute an emergency warranting an expedited briefing schedule"); *cf.* Minute Order, *Braham v. NCAA*, No. 3:25-cv-253-MMD-CSD (D. Nev. June 18, 2025), ECF No. 9 (denying plaintiff's request for emergency treatment for failure to comply with LR 7-4).

Plaintiff's requested relief is not emergent because he will not be irreparably prejudiced if the Court resolves the motion under the normal briefing schedule and because he unreasonably delayed in seeking relief. Therefore, the NCAA asks the Court to determine, pursuant to Local Rule 7-4(c), that hearing this dispute in an expedited matter is unwarranted and that the NCAA's opposition be

---

[7] Plaintiff's stated basis for an emergency now is merely the passage of time towards the summer. *See* ECF No. 5 at 92 ¶ 6 ("Division I spring practice for the 2026-2027 season has already occurred and summer workouts are currently happening, summer/fall camp for formal preparation for the 2026-2027 season is soon approaching, and [Plaintiff] is being denied the opportunity to participate, practice, and ultimately play in the 2026-2027 season."). The timing of the upcoming football season can hardly come as a surprise to Plaintiff, who competed in four seasons of collegiate football. UNLV football's next competition is August 29. *2026 Football Schedule*, UNLV, https://unlvrebels.com/sports/football/schedule/2026 (last visited July 2, 2026). There is sufficient time for consideration of Plaintiff's motion in the ordinary course.

NAYLOR & BRASTER
ATTORNEYS AT LAW
10100 W. Charleston Blvd.
Suite 120
Las Vegas, NV 89135
(702) 420-7000

due on July 31, 21 days from the date the NCAA received the copy of the complaint Plaintiff sent via certified mail.

Dated: July 17, 2026

NAYLOR & BRASTER

By: */s/ John M. Naylor*
John M. Naylor
Nevada Bar No. 5435
Kelly M. Scarborough
Nevada Bar No. 16979
10100 W. Charleston Blvd., Suite 120
Las Vegas, NV 89135

*Attorneys for National Collegiate Athletic Association*

NAYLOR & BRASTER
ATTORNEYS AT LAW
10100 W. Charleston Blvd.
Suite 120
Las Vegas, NV 89135
(702) 420-7000

6

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 4(b), I hereby certify that I am an employee of NAYLOR & BRASTER and that on this 17th day of July 2026, I caused the document **DEFENDANT NATIONAL COLLEGIATE ATHLETIC ASSOCIATION'S RESPONSE TO COURT'S ORDER, ECF No. 8, DISPUTING THE EXISTENCE OF AN EMERGENCY** to be served through the Court's CM/ECF system to those persons designated by the parties that have appeared in the matter.

/s/ Halee Mennear
An Employee of NAYLOR & BRASTER

NAYLOR & BRASTER
ATTORNEYS AT LAW
10100 W. Charleston Blvd.
Suite 120
Las Vegas, NV 89135
(702) 420-7000

7