WOODROW K. GLASS (ADMITTED PRO HAC VICE)
Oklahoma Bar No. 15690
GEOFFREY A. TABOR (ADMITTED PRO HAC VICE)
Oklahoma Bar No. 32880
CHLOE N. GLASS (ADMITTED PRO HAC VICE)
Oklahoma Bar No. 36646
**GLASS & TABOR, LLP**
1601 36th Avenue NW
Norman, OK 73072
Phone: 405-360-9700
Email: geoffrey@glasstaborlaw.com; woody@glasstaborlaw.com; chloe@glasstaborlaw.com

Timothy R. O'Reilly
Nevada Bar No. 8866
**O'REILLY LAW GROUP, LLC**
325 S Maryland Parkway, Suite 100a
Las Vegas, NV 89101
Phone: 702-812-3339
Email: tor@olglaw.com
**ATTORNEYS FOR PLAINTIFF COHEN FULLER**

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| COHEN FULLER,<br><br>**Plaintiff**,<br><br>vs.<br><br>NATIONAL COLLEGIATE ATHLETIC ASSOCIATION,<br><br>**Defendant**. | Case No. 2:26-cv-01974<br><br>**PLAINTIFF'S MOTION FOR LEAVE OF COURT TO FILE NOTICE OF SUPPLEMENTAL AUTHORITY REGARDING WISNE V. NCAA CLASS CERTIFICATION AND PRELIMINARY INJUNCTION ORDERS DATED JULY 31, 2026** |

## I.    INTRODUCTION

Pursuant to LR 7-2(g), Plaintiff COHEN FULLER, ("Plaintiff") respectfully moves this Court for leave to file a Notice of Supplemental Authority to advise the Court of two new critical NCAA eligibility decisions entered on the evening of July 31, 2026 in Wisne v. National Collegiate Athletic Association, Case No. 1:26-cv-03063-CNS-KAS, pending in the United States

1

District Court for the District of Colorado. On July 31, 2026, Judge Charlotte N. Sweeney of that Court (1) granted the Wisne plaintiffs' Motion for Rule 23(b)(2) Class Certification and (2) granted the Wisne plaintiffs' request for preliminary injunctive relief, making class members immediately eligible. These Wisne Orders were entered on **the evening of July 31, 2026 after** Plaintiff filed his Reply brief regarding his Motion for preliminary injunctive relief. [Doc. 29].

Both Orders are directly relevant to the issues before this Court. Wisne concerns the NCAA's recent implementation of its new age-based eligibility model, commonly referred to as the "5-in-5 Rule", and the NCAA's exclusion of student-athletes who began collegiate competition in the 2022-2023 academic year, competed in Division I athletics, completed four seasons under the prior rules by the end of the 2025-2026 academic year, and are now barred from a fifth season. The certified class, which Plaintiff belongs to and has obtained preliminary injunctive relief to compete in the 2026-2027 season, is defined as follows:

> All persons in the United States who began to play in collegiate sports in the 2022-2023 season, competed in NCAA Division I sports, and completed four years of eligibility as defined by the NCAA's prior rules by the conclusion of the 2025-2026 season, and are therefore barred from playing a fifth season due to the NCAA's adoption and immediate implementation of the Five-Year Eligibility Rule.

As of July 31, 2026, the Wisne Court has (1) certified the above-defined class under Fed. R. Civ. P. 23(b)(2) and (2) entered injunctive relief deeming the class immediately eligible.

Plaintiff's overlapping challenges in this lawsuit through his Sherman Act and state law claims concern (1) his exclusion of two seasons of eligibility under pre-existing JUCO and NAIA eligibility rules and (2) his exclusion for the upcoming 2026-2027 season by way of the 5-in-5

Rule as now ruled on by the Wisne Court.[1] The Wisne Court's Order not only applies to Plaintiff and supports his 5-in-5 Rule claim herein, but is further evidence of the anticompetitive nature and lack of procompetitive justification of the NCAA's other rules at issue in this lawsuit. Thus, Plaintiff wishes to provide these Orders to this Court, along with his explanations as to their relevance. Plaintiff's proposed filing, which includes the two Wisne Orders to be attached as exhibits to Plaintiff's proposed filing, is attached hereto as Exhibit 1.

Plaintiff has spoken with counsel for the NCAA, and there is no objection to filing the Wisne Orders supplementally with this Court. However, the NCAA fully reserves its rights and all arguments to distinguish Wisne and otherwise make its full arguments at issue here.

## II.      INDEX OF EXHIBITS

**1.** Proposed Notice of Supplemental Authority with Exhibits

## III.     CONCLUSION AND RELIEF REQUESTED

For the reasons stated herein and for good cause shown, Plaintiff respectfully requests leave to file the attached Notice of Supplemental Authority.

DATED AUGUST 2, 2026.

---

[1] Wisne was filed after the instant lawsuit. The Complaint herein was filed on June 29, 2026, and Wisne was filed on July 8, 2026.

Respectfully Submitted:


**/s/ Geoffrey A. Tabor**
Woodrow K. Glass, Oklahoma Bar. No. 15690
Geoffrey A. Tabor, Oklahoma Bar. No. 32880
Chloe N. Glass, Oklahoma Bar. No. 36646
(ADMITTED PRO HAC VICE)
**GLASS & TABOR, LLP**
1601 36th Ave. NW
Norman, OK 73072
Phone: 405-360-9700
woody@glasstaborlaw.com
geoffrey@glasstaborlaw.com
chloe@glasstaborlaw.com


**/s/ Timothy R. O'Reilly**
Timothy R. O'Reilly, Nevada Bar No. 8866
**O'REILLY LAW GROUP, LLC**
325 S Maryland Parkway, Suite 100a
Las Vegas, NV 89101
Phone: 702-812-3339
tor@olglaw.com
**ATTORNEYS FOR PLAINTIFF**
**ATTORNEY LIEN CLAIMED**

4

## CERTIFICATE OF SERVICE

I certify that on the date this document was filed with the Court's CM/ECF system, I caused it to be served to all persons designated by the parties that have appeared of record in this matter.

/s/ Geoffrey A. Tabor
Geoffrey A. Tabor, Oklahoma Bar. No. 32880