John M. Naylor
Nevada Bar No. 5435
Kelly M. Scarborough
Nevada Bar No. 16979
NAYLOR & BRASTER
10100 W. Charleston Blvd., Suite 120
Las Vegas, NV 89135
(T) (702) 420-7000
(F) (702) 420-7001
jnaylor@nblawnv.com
kscarborough@nblawnv.com

*Attorneys for Defendant*
*National Collegiate Athletic Association*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

COHEN FULLER,

   Plaintiff,

  vs.

NATIONAL COLLEGIATE ATHLETIC
ASSOCIATION,

   Defendant.

Case No. 2:26-CV-01974-APG-BW

**DEFENDANT NCAA'S EMERGENCY MOTION TO ADJOURN HEARING AND STAY CONSIDERATION OF PRELIMINARY INJUNCTION WITH SUPPORTING MEMORANDUM**

Pursuant to District of Nevada Local Rule 7-4, Defendant National Collegiate Athletic Association ("NCAA") moves the Court for emergency relief adjourning the hearing on Plaintiff Cohen Fuller's ("Plaintiff") Motion for Preliminary Injunction (ECF No. 5) ("Motion") currently scheduled for today, Monday, August 3, 2026 at 2:30 p.m. (the "Hearing"), and staying consideration of Plaintiff's Motion in light of the class-wide preliminary injunction issued July 31, 2026, in *Wisne v. National Collegiate Athletic Association*, No. 1:26-CV-3063-CNS-KAS (D. Colo.) ("*Wisne*").

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

On July 31, 2026, Judge Charlotte N. Sweeney of the United States District Court for the District of Colorado issued two orders bearing directly on this matter and Plaintiff's request for preliminary injunctive relief. *Wisne*, ECF No. 37 (D. Colo. July 31, 2026) (Order Granting Motion to Certify Class); *Wisne*, ECF No. 38 (D. Colo. July 31, 2026) (Order Granting Motion for Temporary Restraining Order). Plaintiff submitted copies of these order in Plaintiff's Notice of Supplemental Authority (ECF No. 32), which he filed yesterday.

First, Judge Sweeney certified a class of the following individuals:

> All persons in the United States who began to play in collegiate sports in the 2022-2023 season, competed in NCAA Division I sports, and completed four years of eligibility as defined by the NCAA's prior rules by the conclusion of the 2025-2026 season, and are therefore barred from playing a fifth season due to the NCAA's adoption and immediate implementation of the Five-Year Eligibility Rule.

ECF No. 32-1 at 18–34. Second, Judge Sweeney granted preliminary injunctive relief on behalf of the class, enjoining the NCAA from applying the Five-Year Rule to bar class members from competing in a fifth season of NCAA competition during the 2026–2027 season. *Id.* at 35–84.[1] Plaintiff admits that he is a member of the *Wisne* class. ECF No. 32-1 at 2. Thus, he has now received the exact injunctive relief that he requests from this Court and cannot establish the threat of irreparable harm necessary for preliminary injunctive relief while the *Wisne* injunction remains in place.

---

[1] On August 2, 2026, at the NCAA's request, Judge Sweeney issued an order clarifying her prior order granted the class plaintiffs' preliminary injunction motion. *Wisne*, ECF No. 41 (D. Colo. Aug. 2, 2026). In her clarifying order, Judge Sweeney clarified that the class wide injunction does not enjoin any aspect of the *House* Settlement or the NCAA's operation of its transfer rules, but precludes the NCAA from applying the Five-Year Rule to bar class members from a fifth season of competition for the 2026–2067 season. A copy of the court's clarifying order is attached as **Exhibit A** to the Declaration of Ben Kappelman ("Kappelman Decl.") submitted herewith.

Indeed, publicly available social media posts indicate Plaintiff took the field at UNLV practice last night:[2]



Although entry of the *Wisne* injunction precludes Plaintiff from establishing a threat of irreparable harm on his "overlapping challenges" to the NCAA's eligibility rules, the NCAA is cognizant of the preliminary nature of the *Wisne* injunction (which NCAA has appealed and moved to stay[3]). Accordingly, the NCAA asks only that the Court exercise its equitable discretion to adjourn

---

[2] At the time of this filing, this post is available at
https://x.com/TonyDasco/status/2084117727405330487

Additionally, a video was posted by local media of an interview with UNLV head coach Dan Mullen explaining that Plaintiff is on the field because "according to the courts, he's eligible." *See* https://x.com/meJVT/status/2084255546266603891

[3] This morning, the District of Colorado ordered the plaintiffs in *Wisne* to respond to the NCAA's

today's Hearing and stay consideration of Plaintiff's Motion for Preliminary Injunction (ECF No. 5) unless and until the *Wisne* injunction is stayed, vacated, or otherwise become ineffective as to Plaintiff's requested preliminary relief. The NCAA seeks relief on an emergency basis due to the impending Hearing on Plaintiff's Motion.[4]

## ARGUMENT

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In determining whether a stay is appropriate, courts consider: "(1) the possible damage which may result from the granting of a stay, (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Washington v. Trump*, No. C17-0141JLR, 2017 WL 4857088, at *5 (W.D. Wash. Oct. 27, 2017) (quoting *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005)) (internal quotations omitted). Here, all three factors weigh in favor of a stay.

### A.  No Damage Will Result from a Stay.

Plaintiff will suffer no significant harm from a stay of consideration of his Motion that continues only while the *Wisne* injunction is in effect. In his Motion, Plaintiff argues that he will suffer irreparable harm absent an injunction because "he will be unable to play during the 2026 season." ECF No. 5 at 20.[5] But as Plaintiff set forth in his Notice of Supplemental Authority, he is now eligible to play during the 2026-2027 football season due to the *Wisne* injunction. ECF No. 32 at 2–3. In other words— Plaintiff has already been granted the relief he seeks. Thus, as long as the *Wisne* injunction

---

stay motion by August 6 and gave the NCAA until August 10 to file a reply brief.

[4] The NCAA's compliance with Local Rule 7-4 is set forth in the Kappelman Decl.

[5] Although Plaintiff also requests that he be granted eligibility for the 2027-2028 season on a preliminary basis (ECF No. 5 at 2, 25), alleged harm that is more than a year away is not appropriately sought on a preliminary basis. *See Caribbean Marine Servs Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988) ("[A] plaintiff must *demonstrate immediate* threatened injury as a prerequisite to preliminary injunctive relief." (emphasis in original) (additional emphasis added)).

remains in effect, he can suffer no prejudice from a stay.

In *Washington v. Trump*, the District Court for the Western District of Washington considered a similar scenario. There, the plaintiffs sought a TRO enjoining the same government action that had already been enjoined by a worldwide TRO issued in the District of Hawaii. 2017 WL 4857088, at *1. In granting a stay, the court found that any prejudice to the plaintiffs would be minimal because "the Hawaii federal district court's injunction already provides [the plaintiffs] with virtually all the relief they seek in their TRO motion." *Id*. at *6. The considerations here are the same. If the *Wisne* injunction is stayed or vacated, this Court can consider Plaintiff's fully-briefed motion with minimal delay. *See Faust v. Vilsack*, No. 21-C-546, 2021 WL 2806204, at *3 (E.D. Wis. July 6, 2021) (finding a stay appropriate because the plaintiffs "could immediately renew their request for relief" if nationwide injunctive issued in other court was vacated or modified); *see also Hawai'i v. Trump*, 233 F. Supp. 3d 850, 853–56 (D. Haw. 2017) (finding only minimal prejudice from a stay).

### B.  Both Parties May Suffer Hardship If Plaintiff's Motion Goes Forward.

Although briefing has concluded on Plaintiff's Motion, hardship may still result to *both parties* "because of the potential for inconsistent rules and resulting confusion to . . . the public." *Washington*, 2017 WL 4857088, at *7 (quoting *Hawai'i*, 233 F. Supp. 3d at 854–55). Public considerations are especially cogent here, where the *Wisne* injunction has made national headlines and added considerable additional confusion to the already chaotic student-athlete landscape. *See, e.g.*, ESPN, *Judge Grants Injunction for Class of '22 Athletes Seeking 5th NCAA Season*, (July 31, 2026), https://www.espn.com/college-football/story/_/id/49501415/judge-grants-injunction-class-22-athletes-seeking-play-5th-ncaa-season (noting *Wisne* ruling's "potential to wreak havoc on rosters across the country"). A duplicative preliminary ruling on this highly controversial issue that is squarely in the public eye can only increase the confusion and disruption.

The NCAA will also be prejudiced if Plaintiff's motion moves forward. Its application of the Five-Year Rule to Plaintiff, as relevant to his motion, has already been enjoined. Thus, a decision in its favor by this Court will do nothing to maintain the status quo that has already been upended by the *Wisne* court. But prejudice may also result to Plaintiff if his Motion moves forward. Although Plaintiff has cited district court cases finding that the existence of an identical preliminary injunction in another

4

court "did not negate the plaintiff's claimed irreparable harm" (ECF No. 32-1 at 15), other district courts have found otherwise. In *Faust*, the court had already granted the plaintiffs a temporary restraining order after finding the plaintiffs faced a threat of irreparable harm. 2021 WL 2806204, at *1–2. Nonetheless, the court found that a stay on the plaintiffs' motion for preliminary injunction (and dissolution of the TRO) was warranted after a preliminary injunction was issued by a district court in another circuit granting identical nationwide relief. *Id.* at *2–3. The *Faust* court held that "[t]he mere possibility that the injunction entered in [the parallel case] could be overturned is not enough to show that Plaintiffs would suffer irreparable harm since, as Plaintiffs concede, they could immediately renew their request for relief in this Court." *Id.* at *3.

Unlike the *Faust* plaintiffs, Plaintiff has not established a threat of irreparable harm, even prior to the *Wisne* injunction. And *Faust* is far from the only case determining that a plaintiff cannot show irreparable harm where another court has already granted the relief the plaintiff seeks. *See Hawai'i*, 233 F. Supp. 3d at 853; *Nat'l Urban League v. DeJoy*, No. 20-cv-2391, 2020 WL 6363959, at *11 (D. Md. Oct. 29, 2020) ("[E]xisting court orders meaningfully remedy any harm this relief would tend to address[.]"); *Int'l Refugee Assistance Project v. Trump*, No. 17-cv-0361, 2017 WL 1315538, at *2 (D. Md. Apr. 10, 2017) (finding that "in light of the current nationwide injunction . . . a stay would not impose any hardship on [the p]laintiffs or result in irreparable harm"); *see also California v. Trump*, No. 21-C-548, 2019 WL 2715421, at *5 (N.D. Cal. 2019) (denying duplicative permanent injunction) *aff'd* 963 F.3d 926 (9th Cir. 2020). In its Opposition, the NCAA explained in detail why Plaintiff cannot establish a threat of irreparable harm warranting preliminary injunction relief. ECF No. 22 at 23–24. But even were this Court inclined to find that Plaintiff faced a threat of irreparable harm prior to the *Wisne* injunction, a significant body of case law now militates against such a finding in its wake.

### C. The Orderly Course of Justice Will Benefit from a Stay.

As the *Washington* and *Hawai'i* courts found, a stay will benefit the orderly course of justice. *See Washington*, 2017 WL 4857088 at *7; *Hawai'i*, 233 F. Supp. 3d at 855–56. "In fact, granting the stay request would not only promote judicial economy, but would also reduce the risk of inconsistent rulings that the appellate courts might then need to disentangle." *Hawai'i*, 233 F. Supp. 3d at 856. Although an appellate decision by the Tenth Circuit in *Wisne* will not directly bind this Court, a

5

decision in favor of the class will effectively preclude Plaintiff's motion, because it will effectively grant him the relief he seeks conclusively—he will almost certainly be able to play in the 2026-2027 football season. And if the Tenth Circuit rules in favor of the NCAA, it will add to the unanimous list of circuit courts that have found similar preliminary relief to be improperly entered. *See* Order, *Blythe v. NCAA*, No. 26-1106 (9th Cir. Apr. 8, 2026), ECF No. 26 (vacating preliminary injunction effective immediately, with opinion forthcoming); *Fourqurean v. NCAA*, 143 F.4th 859, 870–71 (7th Cir. 2025) (reversing preliminary injunction for failure to define the relevant market); *Elad v. NCAA*, 160 F.4th 407, 416–17 (3d Cir. 2025) (vacating preliminary injunction because the evidence in the record was insufficient to sustain a likelihood of success on the merits); *Robinson (Jimmori) v. NCAA*, 172 F.4th 271, 292 (4th Cir. 2026) (vacating preliminary injunction because the district court "drastically reduced the [student-athletes'] burden of proving anticompetitive effects" and failed to define the relevant market).

### D. Plaintiff's Contrary Persuasive Authority Does Not Weigh Against a Stay.

Plaintiff "requests that this matter stay on schedule as previously ordered and be handled on an emergency and expedited basis," and directs the Court to a handful of district court cases holding that the existence of an injunction in another court granting the plaintiff the relief he requests does not negate a finding of irreparable harm. ECF No. 32-1 at 15. But, as explained above, courts are split on that issue. And only one of Plaintiff's cited cases considered a motion to stay *See Regeneron Pharms, Inc. v. HHS*, 510 F. Supp. 3d 29, 41 n.4 (S.D.N.Y. 2020). Like the Southern District of New York in *Regeneron*, the *Faust* court considered a nationwide preliminary injunction from another circuit and reached a contrary decision. *See Faust*, 2021 WL 2806204, at *3 (finding that prior injunction provided an adequate remedy at law, even if a different Court of Appeals would hear any appeal).

### CONCLUSION

Accordingly, the NCAA respectfully requests that the Court grant its emergency motion, adjourn today's Hearing on Plaintiff's Motion for Preliminary Injunction, and stay consideration of his Motion while the *Wisne* injunction remains in effect.

Respectfully submitted,

Dated:  August 3, 2026.

NAYLOR & BRASTER

By: */s/ John M. Naylor*
    John M. Naylor
    Nevada Bar No. 5435
    Kelly M. Scarborough
    Nevada Bar No. 16979
    10100 W. Charleston Blvd., Suite 120
    Las Vegas, NV 89135

    *Attorneys for Defendant National Collegiate*
    *Athletic Association*

## **CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 4(b), I hereby certify that I am an employee of NAYLOR & BRASTER and that on this 3rd day of August 2026, I caused the document entitled DEFENDANT NCAA's EMERGENCY MOTION TO ADJOURN HEARING AND STAY CONSIDERATION OF PRELIMINARY INJUNCTION WITH SUPPORTING MEMORANDUM to be served through the Court's CM/ECF No. system to those persons designated by the parties that have appeared in the matter.

/s/ Halee A. Mennear
An Employee of NAYLOR & BRASTER