WOODROW K. GLASS (ADMITTED PRO HAC VICE)
Oklahoma Bar No. 15690
GEOFFREY A. TABOR (ADMITTED PRO HAC VICE)
Oklahoma Bar No. 32880
CHLOE N. GLASS (ADMITTED PRO HAC VICE)
Oklahoma Bar No. 36646
**GLASS & TABOR, LLP**
1601 36th Avenue NW
Norman, OK 73072
Phone: 405-360-9700
Email: geoffrey@glasstaborlaw.com; woody@glasstaborlaw.com; chloe@glasstaborlaw.com

Timothy R. O'Reilly
Nevada Bar No. 8866
**O'REILLY LAW GROUP, LLC**
325 S Maryland Parkway, Suite 100a
Las Vegas, NV 89101
Phone: 702-812-3339
Email: tor@olglaw.com
**ATTORNEYS FOR PLAINTIFF COHEN FULLER**

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

COHEN FULLER,

**Plaintiff**,

vs.

NATIONAL COLLEGIATE ATHLETIC ASSOCIATION,

**Defendant**.

Case No. 2:26-cv-01974

**PLAINTIFF'S MOTION FOR EMERGENCY BRIEFING AND HEARING SCHEDULE REGARDING PLAINTIFF'S RENEWED EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION WITH MEMORANDUM IN SUPPORT**

## INTRODUCTION

Plaintiff Cohen Fuller ("Plaintiff" or "Fuller") submits this Motion requesting an emergency/expedited briefing and hearing schedule regarding his Renewed Emergency Motion for Temporary Restraining Order and Preliminary Injunction against Defendant National

Collegiate Athletic Association ("Defendant" or "NCAA") that was filed on August 26, 2026 [Doc. 44].

## FACTUAL BACKGROUND, ARGUMENT, & AUTHORITY

### Procedural History of This Case

Plaintiff filed this lawsuit and his initial emergency Motion for TRO / Preliminary Injunction on June 29, 2026. On July 1, 2026, this Court entered an Order directing Plaintiff to serve the Complaint and Motion for TRO / Preliminary Injunction on the NCAA before the Court would set a briefing schedule. On July 17, 2026, the NCAA appeared and filed its Response disputing emergency treatment. Also on July 17, 2026, the Court set an expedited briefing schedule, ordering the NCAA's opposition due July 24, 2026, and Plaintiff's reply due July 31, 2026. The Court initially set the hearing for August 5, 2026, then advanced it to August 3, 2026 at the Parties' request.

Before that hearing, however, the Wisne Case materially changed the posture of Plaintiff's emergency request. On July 31, 2026, the United States District Court for the District of Colorado certified a class and granted class-wide preliminary injunctive relief that appeared to make Plaintiff (along with many other student-athletes across the country) immediately eligible. The NCAA then moved in this Court to adjourn or stay Plaintiff's pending hearing because, in the NCAA's view, Plaintiff had received the very injunctive relief he sought while the Wisne injunction remained in place. The NCAA argued that Plaintiff was a Wisne class member (with which Plaintiff agreed), had received the exact injunctive relief requested, and could not show irreparable harm while the Wisne injunction remained in place. Plaintiff opposed a stay, but the issue became whether Plaintiff's request should proceed immediately while Wisne relief remained operative.

On August 21, 2026, the Tenth Circuit stayed the District Court's Orders, making Plaintiff (and others similarly situated) ineligible again. Plaintiff has now gathered his pertinent materials as expeditiously as possible to file a Renewed Motion regarding a TRO and/or preliminary injunctive relief.

**The Renewed Motion for TRO and/or Preliminary Injunction Is Now Ripe, and Plaintiff Respectfully Requests That It Be Heard Before UNLV's First Game (August 29, 2026 at 7:00 PM PST)**

The Tenth Circuit's August 21, 2026 stay removes the temporary basis for deferring Plaintiff's individual TRO request. As of August 21, 2026, Plaintiff therefore no longer has operative class-wide relief protecting his eligibility for UNLV's 2026 season. Emergency treatment is warranted because Plaintiff is a UNLV defensive lineman whose eligibility status determines whether he may participate in the 2026-2027 football season, and UNLV's season starts on August 29, 2026 at 7:00 PM PST against Memphis. Delay also continues to prejudice Plaintiff's preparation, team integration, and financial opportunities.

Plaintiff filed his initial emergency motion on June 29, 2026, pursued an expedited hearing, fully briefed the matter, and had a hearing set before the Wisne injunction temporarily changed the posture. Accordingly, Plaintiff respectfully requests that the Court set his Renewed Emergency Motion for Temporary Restraining Order and Preliminary Injunction for immediate hearing before the August 29, 2026 game, with any shortened briefing schedule the Court deems appropriate, if possible. If that is not a possible schedule, then Plaintiff respectfully requests that the Court set this matter on an emergency and expedited schedule reasonably available to the Court. The undersigned is ready, willing, and able to accommodate an expedited schedule. If possible, the undersigned would (if the Court allows it) be amenable to a remote hearing if that

would allow a more expeditious hearing schedule that benefitted the Court, parties, and counsel involved.

## CONCLUSION

For the reasons stated herein and for good cause shown, Plaintiff respectfully requests that this Court hear his Renewed Emergency Motion for Temporary Restraining Order and Preliminary Injunction on an emergency basis before August 29, 2026, if possible, and if not possible, on the most expedited schedule and basis reasonably available to the Court.

DATED AUGUST 26, 2026.

Respectfully Submitted:

**/s/ Geoffrey A. Tabor**
Woodrow K. Glass, Oklahoma Bar No. 15690
Geoffrey A. Tabor, Oklahoma Bar No. 32880
Chloe N. Glass, Oklahoma Bar No. 36646
(ADMITTED PRO HAC VICE)
**GLASS & TABOR, LLP**
1601 36th Ave. NW
Norman, OK 73072
Phone: 405-360-9700
woody@glasstaborlaw.com
geoffrey@glasstaborlaw.com
chloe@glasstaborlaw.com

**/s/ Timothy R. O'Reilly**
Timothy R. O'Reilly, Nevada Bar No. 8866
**O'REILLY LAW GROUP, LLC**
325 S Maryland Parkway, Suite 100a
Las Vegas, NV 89101
Phone: 702-812-3339
tor@olglaw.com
**ATTORNEYS FOR PLAINTIFF**
**ATTORNEY LIEN CLAIMED**

**CERTIFICATE OF SERVICE**

I certify that on the date this document was filed with the Court's CM/ECF system, I caused it to be served to all persons designated by the parties that have appeared of record in this matter.

**/s/ Geoffrey A. Tabor**
Geoffrey A. Tabor, Oklahoma Bar No. 32880