John M. Naylor
Nevada Bar No. 5435
Kelly M. Scarborough
Nevada Bar No. 16979
NAYLOR & BRASTER
10100 W. Charleston Blvd., Suite 120
Las Vegas, NV 89135
(T) (702) 420-7000
(F) (702) 420-7001
jnaylor@nblawnv.com
kscarborough@nblawnv.com

*Attorneys for Defendant*
*National Collegiate Athletic Association*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| COHEN FULLER,<br><br>Plaintiff,<br><br>vs.<br><br>NATIONAL COLLEGIATE ATHLETIC ASSOCIATION,<br><br>Defendant. | Case No. 2:26-cv-1974-APG-BW<br><br>**JOINT STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**[SPECIAL SCHEDULING REVIEW REQUESTED]**<br><br>Date Action Filed: June 29, 2026 |

Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 26-1(b), Plaintiff Cohen Fuller ("Fuller" or "Plaintiff"), by and through his undersigned counsel, and Defendant National Collegiate Athletic Association ("NCAA" or "Defendant"), by and through its undersigned counsel, hereby submit the following Stipulated Discovery Plan and Scheduling Order.

1. **Fed. R. Civ. P. 26(f) Meeting**

Pursuant to Fed. R. Civ. P. 26(f), counsel for the parties met and conferred on September 8, 2026.

2. **Deadline to Answer**

The parties stipulate that the NCAA will have until October 5, 2026 to file an Answer or otherwise respond to the Complaint.

**3. Initial Disclosures**

The parties will produce the information required by Fed. R. Civ. P. 26(a)(1)(A) on or before October 26, 2026. The disclosure of documents shall occur at that time or as soon thereafter as the Court enters a Protective Order, which contains Confidential and Attorneys' Eyes Only designations. Parties will negotiate a joint proposed Protective Order for the Court's consideration.

**3. Areas of Discovery**

The parties agree that all discovery allowed under the Federal Rules of Civil Procedure, including by Rule 26(b), Rule 30, Rule 33, Rule 34, and Rule 36, should be permitted, such that the parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, subject to the limitations imposed by Rule 26(b)(2).

All parties reserve all rights.

**4. Issues with Electronically Stored Information**

The parties stipulate that there are currently no issues pertaining to the disclosure, discovery, or preservation of electronically stored information. The parties anticipate, however, that this case will involve or require the inspection or production of electronically stored information ("ESI"). To the extent a party requests ESI, the parties agree that the ESI can be produced as an image (e.g., PDF, JPEG, or TIFF), or through electronic file transfer (e.g., Dropbox.com), or in Native format when requested. The parties will cooperate in good faith to ensure that ESI is produced in a readily identifiable (and readable) format.

**5. Issues Regarding Privilege or Protection**

The parties agree to be bound by Federal Rule of Evidence 502 regarding the disclosure of privileged material or work product. Further, the parties acknowledge and agree that while each party is taking reasonable steps to identify and prevent disclosure of any document (or information) that they believe is privileged, there is a possibility that certain privileged material may be produced inadvertently. Accordingly, the parties agree that a party who produces a document protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other recognized privilege ("privileged documents") without intending to waive the claim of privilege associated with

such document shall promptly, meaning within 15 days after the producing party actually discovers that such inadvertent disclosure occurred, amend its discovery response and notify the requesting party that such document was inadvertently produced and should have been withheld. Once the producing party provides such notice to the requesting party, the requesting party must promptly, meaning within 72 hours, return the specific document(s) and copies thereof. By complying with this obligation, the requesting party does not waive any right to challenge the assertion of privilege and request an order of the court denying such privilege.

**6. Electronic Filing and Electronic Service**

All attorneys of record in this matter are registered for electronic filing with this Court. Any documents electronically filed with this Court are deemed to be sufficiently served on the other party as of the date that the document is electronically filed with the Court. Moreover, to create an expeditious and efficient manner of service in the above-captioned litigation, the parties hereby consent to electronic service pursuant to Fed. R. Civ. P. 5(b)(2)(E). As such, when any of the undersigned parties wish to serve a discovery-related document, that party shall effectuate service of the document to the following email addresses:

| PARTY | FIRM NAME | EMAIL ADDRESSES |
|---|---|---|
| Plaintiff Cohen Fuller | O'Reilly Law Group<br>Glass & Tabor, LLP | efile@oreillylawfirmgroup.com<br>chloe@glasstaborlaw.com<br>Geoffrey@glasstaborlaw.com |
| Defendant National Collegiate Athletic Association | Naylor & Braster<br>Dorsey & Whitney LLP | jnaylor@nblawnv.com<br>kscarborough@nblawnv.com<br>Kappelman.ben@dorsey.com<br>Wechter.andrea@dorsey.com |

The parties further stipulate that e-mail service shall not be considered effective if not all contacts listed above are included in the e-mail service.

**7. Discovery Plan**

**a) Close of Discovery:** Defendant first appeared on July 17, 2026 and the parties require 270 days[1] from that date to complete discovery. Discovery will thus close on April 13, 2027.

[1] The parties require more than 180 days to complete discovery due to the complex nature of antitrust

b) **Amending the Pleadings and Adding Parties:** The parties shall have until January 13, 2027 to file any motions to amend the pleadings or to add parties. This is 90 days before the discovery cut-off date in accordance with LR 26-1(b)(2).

c) **Disclosure of Experts Pursuant to Fed. R. Civ. P. 26(a)(2) & Expert Discovery:** Disclosure of experts shall proceed according to Fed. R. Civ. P. 26(a)(2)(D) and LR-26(1)(b)(3) as follows:

- The disclosure of experts and expert reports shall occur on or before February 12, 2027 which is 60 days before the discovery cut-off date.
- The disclosure of rebuttal experts and their reports shall occur on March 15, 2027, which is the first judicial day 30 days after the initial expert disclosure deadline.

d) **Dispositive Motions:** The parties shall have until May 13, 2027, to file dispositive motions. This is 30 days after the discovery cut-off date, as required by LR 26-1(b)(4).

e) **Pretrial Order:** The joint pretrial order shall be filed by June 14, 2027, which is the first judicial day 30 days after the deadline for filing dispositive motions in this case, as required by LR 26-1(b)(5). In the event dispositive motions are timely filed, the date for filing the joint pretrial order shall be suspended until 30 days after the Court's decision of the dispositive motions or further order of the Court. The disclosure required by Fed. R. Civ. P. 26(a)(3) and objections thereto, shall be made in the pretrial order.

f) **Modifications of the Discovery Plan and Scheduling Order:** LR 26-3 governs modifications or extensions of this Discovery Plan and the Scheduling Order. Any stipulation or motion must be made at least 21 days prior to the expiration of any extension that may have been previously approved by the Court, or at least 21 days prior to the expiration of the subject deadline.

**8. <u>Certifications</u>**

Lastly, pursuant to LR 26-1(b)(7-9), the parties certify as follows:

---

disputes.

a) **Alternative Dispute Resolution:** Plaintiff and Defendant have met and conferred about the possibility of using alternative dispute resolution including mediation or arbitration and the Parties are generally agreeable to Alternative Dispute Resolution, if appropriate after an initial period of discovery.

b) **Alternative Forms of Case Disposition:** Plaintiff and Defendant considered consent to trial by magistrate judge under 28 U.S.C. § 636(C) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01). At this time, the parties withhold their mutual consent to such forms of alternative case disposition.

c) **Electronic Evidence:** Plaintiff and Defendant discussed whether they intend to present evidence in electronic format to jurors for the purpose of jury deliberations and state that no stipulations have been reached as of the filing of this plan regarding providing discovery in an electronic format compatible with the Court's electronic jury evidence display system.

**IT IS SO STIPULATED AND AGREED.**

Dated this 8th day of September, 2026.

NAYLOR & BRASTER

By: */s/ John M. Naylor*
John M. Naylor
Nevada Bar No. 5435
10100 W. Charleston Blvd., Suite 120
Las Vegas, NV 89135

*Attorney for Defendant National Collegiate Athletic Association*

**O'REILLY LAW GROUP**

By: */s/ Timothy R. O'Reilly*
Timothy R. O'Reilly
Nevada Bar No. 8866
325 S Marylan Parkway, Suite 100a
Las Vegas, NV 89101

*Attorney for Plaintiff Cohen Fuller*

IT IS SO ORDERED.

________________________________
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

DATED: ____________________________