**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

**IN RE: NATIONAL COLLEGIATE ATHLETIC ASSOCIATION ELIGIBILITY RULES ANTITRUST LITIGATION** MDL No. 3198

## ORDER DENYING TRANSFER

**Before the Panel**:* Defendant National Collegiate Athletic Association (NCAA) moves under 28 U.S.C. § 1407 to centralize this litigation in the Middle District of Tennessee. This litigation consists of seven actions pending in five districts, as listed on Schedule A.[1] The parties have notified the Panel of fifteen related actions pending in nine districts.

Plaintiff in the Eastern District of Tennessee *Zeigler* action supports the motion. All other responding plaintiffs oppose either centralization or inclusion of their respective action in any MDL. Plaintiffs in the District of Colorado *Wisne* action, as well as plaintiffs in three potential tag-along actions, alternatively suggest centralization in the District of Colorado. Plaintiffs in the Middle District of Tennessee actions alternatively support centralization in the Middle District of Tennessee.

This motion presents a close question. On the basis of the papers filed and the hearing session held, we conclude that centralization is not necessary for the convenience of the parties and witnesses or to further the just and efficient conduct of the litigation. These actions challenge various aspects of the NCAA's eligibility rules governing the number of seasons of competition permitted for student athletes. While all plaintiffs challenge the eligibility rules under the Sherman Act and all actions share some background factual questions regarding the NCAA's rulemaking history, these actions are dissimilar in important ways. Many of the actions challenge the NCAA's "Five-Year Rule," in effect before June 2026, which generally allowed student athletes to participate in four seasons of intercollegiate athletic competition over a consecutive five-year period starting upon collegiate enrollment. Plaintiffs in these actions contest the NCAA's denial of a waiver from the Five-Year Rule based on their specific circumstances. Another group of actions involve challenges to the NCAA bylaws that count seasons of competition at junior colleges and schools in the National Association of Intercollegiate Athletics (a competing intercollegiate athletic association) against the permitted seasons of eligibility. Plaintiffs in other

---

* Judge M. Casey Rodgers did not participate in the decision of this matter.

[1] An eighth action on the motion was terminated by the court after it denied plaintiff's motion for preliminary injunctive relief.

actions challenge the NCAA's new eligibility scheme, the "Age-Based Eligibility Rule," which came into force in June 2026 and permits student athletes to compete in up to five seasons of intercollegiate athletics commencing at the earlier of college enrollment or the academic year following the student athlete's nineteenth birthday. This new scheme, with three exceptions, eliminates waivers. The plaintiffs who challenge this rule argue that it should have been extended to student athletes whose fourth season of eligibility was completed by Spring 2026.

Because these actions are at varying procedural postures, challenging different aspects of the NCAA's eligibility rules at different time periods and presenting different claims for relief, it is not clear that centralization will yield significant efficiency or convenience benefits. While there are common factual questions presented by this litigation—some actions, for instance, present claims challenging multiple eligibility schemes or rules—many of the factual questions in these actions pertain to the NCAA's application of its eligibility rules to the plaintiffs (*e.g.*, the denial of a waiver based on a plaintiff's particular collegiate history and mitigating facts). Much of the discovery is likely to focus on these case-specific issues, which in these circumstances weighs against centralization.

Nearly all the plaintiffs seek preliminary injunctive relief allowing them to play in the upcoming season of competition in their sport. The underlying courts have issued numerous rulings on these motions, while other motions remain pending. A temporary restraining order issued in the *Wisne* action is stayed pending an appeal to the Tenth Circuit. Reconciling these various rulings and pending appeals in a case management plan applicable to the entire litigation would be a complicated endeavor.

The varied procedural postures of the actions also weigh against centralization. The *Pavia* action, for instance, was filed in 2024 and has been consolidated for discovery purposes with two actions in the Middle District of Tennessee that were filed in 2025. Those actions have trial dates set for next year, as does the action pending in the Eastern District of Tennessee. In contrast, other actions on the motion (and many of the actions noticed as related to this motion) were recently filed and still have motions for preliminary injunctive relief pending.

While the NCAA argues that it potentially will be subject to conflicting class rulings absent centralization, nearly all the class claims in this litigation (most of the actions are brought on an individual basis) already are pending before one judge in the District of Colorado. The only other class claims are in the *Patterson* action in the Middle District of Tennessee. Given the prevalence of plaintiff-specific factual questions and the procedural posture of the actions, we are not inclined to centralize this litigation based on potentially overlapping class claims in two districts. *Cf. In re College Athlete Compensation Antitrust Litig.*, 730 F. Supp. 3d 1378 (J.P.M.L. 2024) (denying centralization of class actions pending in two districts).

On balance, the NCAA has not demonstrated that centralization is the best course for this litigation. Though we are denying centralization at this time, we are confident the parties and the courts can coordinate their efforts to avoid any potential duplication or overlap in pretrial proceedings.

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

Karen K. Caldwell
Chair

Matthew F. Kennelly
Dale A. Kimball
Richard Seeborg

David C. Norton
Madeline Cox Arleo

**IN RE: NATIONAL COLLEGIATE ATHLETIC ASSOCIATION ELIGIBILITY RULES ANTITRUST LITIGATION** MDL No. 3198

## SCHEDULE A

District of Colorado

WISNE, ET AL. v. NATIONAL COLLEGIATE ATHLETIC ASSOCIATION,
C.A. No. 1:26−03063

Northern District of Georgia

MORTON v. NATIONAL COLLEGIATE ATHLETIC ASSOCIATION,
C.A. No. 1:26−01538

District of Nevada

FULLER v. NATIONAL COLLEGIATE ATHLETIC ASSOCIATION,
C.A. No. 2:26−01974

Eastern District of Tennessee

ZEIGLER v. NATIONAL COLLEGIATE ATHLETIC ASSOCIATION,
C.A. No. 3:25−00226

Middle District of Tennessee

PAVIA v. NATIONAL COLLEGIATE ATHLETIC ASSOCIATION,
C.A. No. 3:24−01336
BOYD v. NATIONAL COLLEGIATE ATHLETIC ASSOCIATION,
C.A. No. 3:25−00729
PATTERSON, ET AL. v. NATIONAL COLLEGIATE ATHLETIC ASSOCIATION,
C.A. No. 3:25−00994